JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Defendants
APTERA MOTORS CORP., STEVE FAMBRO, CHRIS ANTHONY, MICHAEL JOHNSON, JASON HILL, and NATHAN ARMSTRONG

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ZAPTERA USA, INC, a California corporation,

Plaintiff,

v.

APTERA MOTORS CORP., a Delaware corporation; STEVE FAMBRO, an individual; CHRIS ANTHONY, an individual; MICHAEL JOHNSON, an individual; JASON HILL, an individual; NATHAN ARMSTRONG, an individual; APTERA (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC, a California Limited Liability Company; and DOES 1 through 100, inclusive,

Defendants.

Case No. 3:24-cv-1413-JO-JLB

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Date: May 29, 2025
Time: 9:30 a.m.
Ctrm: 4C (4th Fl.)

Judge: Hon. Jinsook Ohta

Date Action Filed: August 8, 2024

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Zaptera Fails to State a Claim for Design Patent Infringement ........ 2

1. Zaptera applies the wrong test and relies on inapposite cases ........ 2

2. The prior art is relevant to design patent infringement; assignor estoppel is not ........ 4

3. Zaptera has not pled any infringing sales or offers to sell ........ 5

B. Zaptera Fails to State a Claim for Trade Secret Misappropriation ........ 6

C. Zaptera Fails to State a Claim for Fraudulent Inducement ........ 8

D. Zaptera Fails to State a Claim Under § 17200 ........ 9

E. Zaptera Fails to State a Claim for Declaratory Judgment Claim of Patent Ownership ........ 10

F. All Claims Against Individual Defendants Should Be Dismissed ........ 10

III. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Colida v. Nokia, Inc.*,
347 F. App'x 568 (Fed. Cir. 2009) ........ 3

*Crocs, Inc. v. Int'l Trade Comm'n*,
598 F.3d 1294 (Fed. Cir. 2010) ........ 3

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
543 F.3d 665 (Fed. Cir. 2008) ........ 2, 4

*F.T.C. v. Sperry & Hutchinson Co.*,
405 U.S. 233 (1972) ........ 9

*Farhang v. Indian Inst. of Tech., Kharagpur*,
No. C-08-02658-RMW, 2010 WL 2228936 (N.D. Cal. June 1, 2010) ........ 7, 8

*Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*,
No. 18-CV-2436-DDP, 2019 WL 1260634 (C.D. Cal. Mar. 18, 2019) ........ 3, 4

*Gems v. Diamond Imports, Inc.*,
No. 15-CV-03531-MMC, 2016 WL 6902804 (N.D. Cal. Nov. 22, 2016) ........ 9

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
896 F.2d 1542 (9th Cir. 1989) ........ 5

*Lanard Toys Ltd. v. Dolgencorp LLC*,
958 F.3d 1337 (Fed. Cir. 2020) ........ 3

*Loughrin v. Superior Court*,
15 Cal. App. 4th 1188 (1993) ........ 8, 9

*Minerva Surgical, Inc. v. Hologic, Inc.*,
594 U.S. 559 (2021) ........ 4

*NuVasive, Inc. v. Alphatec Holdings, Inc.*,
No. 18-CV-347-CAB-MDD, 2018 WL 2734881 (S.D. Cal. May 14, 2018) ........ 3

*Pellerin v. Honeywell Int'l, Inc.*,
877 F. Supp. 2d 983 (S.D. Cal. 2012) .......... 7

*Resh, Inc. v. Skimlite Mfg. Inc.*,
666 F. Supp. 3d 1054 (N.D. Cal. 2023) .......... 10

*Samsung Elecs. Co., Ltd. v. Apple Inc.*,
580 U.S. 53 (2016) .......... 5

*SCG Characters LLC v. Telebrands Corp.*,
No. 15-CV-00374-DDP, 2015 WL 4624200
(C.D. Cal. Aug. 3, 2015) .......... 3

*Shamrock Techs., Inc. v. Med. Sterilization, Inc.*,
903 F.2d 789 (Fed. Cir. 1990) .......... 4

*simplehuman, LLC v. iTouchless Housewares & Prods., Inc.*,
No. 19-CV-02701-HSG, 2019 WL 5963245
(N.D. Cal. Nov. 13, 2019) .......... 3

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*,
7 F.3d 1434 (9th Cir. 1993) .......... 9

*Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296 (Fed. Cir. 2010) .......... 5, 6

*Trove Brands, LLC v. TRRS Magnate LLC*,
No. 22-CV-02222-TLN-CKD, 2025 WL 776563
(E.D. Cal. Mar. 11, 2025) .......... 3

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,
252 F. Supp. 3d 828 (N.D. Cal. 2017) .......... 10

**Statutes**

35 U.S.C.
§ 271 .......... 5, 6
§ 289 .......... 5

Cal. Bus. & Prof. Code § 17200 .......... 9

**Other Authorities**

Fed. R. Civ. P. 8 .......... 2, 10

# I. INTRODUCTION

Zaptera's opposition brief (Dkt. 31 ("Opp.")) concedes or simply ignores most of Defendants' arguments and authority. For those few points Zaptera does challenge, it relies on attorney argument that is either unsupported by factual allegations in the FAC or legally wrong. As to the claim for design patent infringement, Zaptera: (1) admits the Aptera sEV design and the claimed design have distinct differences (*id.* at 8); (2) does not dispute that the Asserted Patent designs are virtual duplicates of the prior art, making those differences highly important to the infringement analysis; and (3) does not dispute that its own FAC exhibits show that there have been no sales or sales revenue during the lifetime of the patents.

Regarding the trade secret misappropriation claim, Zaptera: (1) concedes California courts do not recognize the "inevitable disclosure" doctrine (*id.* at 17); (2) concedes its theory of misappropriation is that Defendants "hired several of the original designers and engineers" who worked for another company eight years ago (*id.* at 16-17); (3) does not dispute it has not pled that the Aptera sEV uses the same material designs or the same manufacturing method as Aptera Motors, Inc.; (4) does not dispute that the identity of Aptera Motors, Inc.'s investors was public; and (5) does not dispute that the shape and ratios of the Aptera sEV are evident in the design patents and prior art.

As for Zaptera's claim for fraudulent inducement, Zaptera (1) admits it paid $1.5 million in valuable consideration for the assets (*id.* at 24)—a fact that makes any "mere continuation" theory legally impossible; (2) does not dispute that, as a matter of fact and law, it was owed no duty of disclosure during patent prosecution; and (3) does not dispute that the governing agreement (the "APA") disclaimed any representations with respect to the relevant assets.

Zaptera's opposition confirms its remaining claims fail, too.[1] Zaptera's UCL

[1] Zaptera agrees to voluntarily dismiss its claims for tortious interference and unjust enrichment. (Opp. 19.) The Court should order dismissal with prejudice.

claim is still based on Defendants' purported use of the IP and is therefore preempted. Zaptera does not show that this Court has subject matter jurisdiction over its claim for declaratory judgment of patent ownership. And Zaptera's claims against the individual Defendants violate Rule 8(a)'s notice requirement because, almost universally, Zaptera does not distinguish between them. Nor can Zaptera proceed on a direct involvement theory because it alleges no supporting facts.

Zaptera has already amended its complaint once after Defendants provided notice of the failings in its original complaint. Defendants' motion to dismiss shows why Zaptera cannot plead plausible claims, based on controlling authority and the content of Zaptera's own pleading. Zaptera largely ignores this argument and relies on repeated misinterpretations of the law. Another amendment would be futile. The Court should dismiss with prejudice.

# II. ARGUMENT

## A. Zaptera Fails to State a Claim for Design Patent Infringement

### 1. Zaptera applies the wrong test and relies on inapposite cases.

Defendants' opening brief establishes in detail why the Aptera sEV design is plainly dissimilar to the Asserted Patents such that dismissal should be granted. (*See* Dkt. 28 ("Br.") 4-5, Appendix A (identifying numerous examples of differences).) Zaptera responds that, despite these differences, an ordinary person might still think the Aptera sEV and the Asserted Patent design are "the same brand" or "different versions of the same design." (Opp. 8; *see also* FAC ¶ 38 (acknowledging "obvious and important changes" between the designs).) This underscores the fundamental legal failure of Zaptera's infringement claim: the Federal Circuit's test for design patent infringement requires finding that an ordinary observer would be deceived into believing the designs are substantially ***the same***, not merely that they share stylistic elements. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). An ordinary observer would recognize the two designs are not substantially the same

because of, among other things, obvious design differences in nearly every ornamental feature of the vehicle. (*See* Br. 5.) Zaptera ignores the majority of the design differences identified in Defendants' motion. (*Compare* Dkt. 28-1 at 2 *with* Opp. at 8.) And while Zaptera makes much of a supposedly "distorted" image of the rear of the Aptera sEV, it evidently forgets that Zaptera itself chose that image for its pleading. (*Compare* Dkt. 28-1 at 2 *with* FAC at 14.)

Rather than address the applicability of Aptera's cited cases,[2] Zaptera argues other authority governs. (Opp. 6.) But none of the three cases Zaptera relies on involved designs with the observable differences present here—differences Defendants annotated and Zaptera does not take on in opposition. *See Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1305-06 (Fed. Cir. 2010) (finding infringement where the accused shoes and the patented shoe design appeared "nearly identical"); *Trove Brands, LLC v. TRRS Magnate LLC*, No. 22-CV-02222-TLN-CKD, 2025 WL 776563, at *4 (E.D. Cal. Mar. 11, 2025) (denying motion to dismiss where "[d]efendants' arguments lack[ed] clarity" and were "improperly based on facts [] not present in the SAC"); *simplehuman, LLC v. iTouchless Housewares & Prods., Inc.*, No. 19-CV-02701-HSG, 2019 WL 5963245, at *4 (N.D. Cal. Nov. 13, 2019) (claims found sufficient where reasonable observer could mistake trash can opening with "rectangular with rounded corners" with design for "oval" opening).

Finally, the vehicle shape is functionally aerodynamic and not protected as a matter of law. (*See* Br. 3.) While Zaptera suggests that aerodynamic features should be exempted from being deemed "functional" here, it cites no authority so holding. Zaptera also relies on *Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 18-CV-2436-DDP, 2019 WL 1260634, at *3 (C.D. Cal. Mar. 18, 2019), but in that

[2] Zaptera does not address these cases on design patent infringement raised in Defendants' brief: *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337 (Fed. Cir. 2020); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-347-CAB-MDD, 2018 WL 2734881 (S.D. Cal. May 14, 2018); *SCG Characters LLC v. Telebrands Corp.*, No. 15-CV-00374-DDP, 2015 WL 4624200 (C.D. Cal. Aug. 3, 2015); *Colida v. Nokia, Inc.*, 347 F. App'x 568 (Fed. Cir. 2009).

case—unlike here—the Court declined to dismiss where defendants relied on "photographs…and proximities not included in the complaint." *Id.* For this reason, Defendants' authority—not Zaptera's—is persuasive.

**2. The prior art is relevant to design patent infringement; assignor estoppel is not.**

The prior art is virtually identical to the Asserted Patent designs. (*See* Br. 5-7.) Zaptera does not dispute this. Instead, it contends that the assignor estoppel doctrine—which concerns only patent validity—bars the Court from considering the prior art for purposes of patent scope and infringement. Not so. As Defendants explained in their opening brief, binding Federal Circuit law requires comparing prior art to the claimed design and is clear that this "is ***not a test for determining validity***" but rather "designed solely as a test of infringement." *Egyptian Goddess*, 543 F.3d at 678 (emphasis added); (Br. 6 n.3). Defendants do not seek any ruling on patent validity at this stage. The assignor estoppel doctrine relates only to validity challenges[3] and is therefore irrelevant. *See, e.g.*, *Minerva Surgical,* 594 U.S. at 569 (noting that assignor estoppel does not prohibit review of prior art for claim construction purposes). Zaptera cannot establish assignor estoppel for any purpose, but the Court need not resolve that issue now.

The extreme closeness of the prior art to the claimed designs dooms Zaptera's attempt to have the claimed designs read on the significantly different Aptera sEV. (Br. 6-7.) Zaptera's inability to distinguish, or even to try to distinguish, those prior art designs in opposition is conclusive. Its patent infringement claims are implausible and should be dismissed with prejudice.

[3] All of Zaptera's cited cases evaluated assignor estoppel in the context of challenges to a patent's ***validity***. *See Minerva Surgical, Inc. v. Hologic, Inc.*, 594 U.S. 559, 578 (2021) (explaining circumstances when "[a]ssignor estoppel applies" to "an invalidity defense"); *Shamrock Techs., Inc. v. Med. Sterilization, Inc.*, 903 F.2d 789, 793 (Fed. Cir. 1990) (assessing assignor estoppel separate from issue of infringement).

**3. Zaptera has not pled any infringing sales or offers to sell.**

Zaptera's opposition is unable to establish that it has factually alleged any infringing sales or offers to sell. Instead, it relies entirely on "preorders"—which are the reservation of a spot in line to receive a ***future*** offer to sell. But Zaptera does not dispute that the Asserted Patents are now expired and that 35 U.S.C. § 271(i) limits liability for sales or offers to sell to those that occurred during the lifetime of the patent. (*See* Br. 8.) This is conclusive, and the Court should dismiss Zaptera's sale and offer to sell infringement theories with prejudice.

Zaptera instead erroneously focuses upon § 289, which is titled "[a]dditional remedy for infringement of design patent." 35 U.S.C. § 289. And § 289 is just that: a ***damages*** provision that "provides a damages remedy specific to design patent infringement." *Samsung Elecs. Co., Ltd. v. Apple Inc.*, 580 U.S. 53, 55 (2016). It is ***not*** an infringement provision. *Compare* 35 U.S.C. § 271 ("Infringement of patent"). Section 289 does not create a new act of infringement or create a loophole to § 271(i)'s explicit limitation of infringement to a patent's term. Zaptera cites no authority suggesting otherwise, which would be contrary to the plain language of the Patent Act and the Supreme Court's treatment of § 289 as a damages provision.

Zaptera also argues at length that Defendants' argument on offers to sell "attempt[s] to go beyond the four corners of the FAC." (Opp. 13.) Defendants cite only material that Zaptera attached to its FAC, which is appropriately considered on a motion to dismiss. (*See* Br. 8 (citing Dkt. 24-1)); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (district court may consider attachments to pleadings in resolving a motion to dismiss). That material confirms that Aptera has not sold the accused product. At the same time, Zaptera asks the Court, without a request for judicial notice, to consider a website link that appears nowhere in the pleadings (Opp. 12); this link is not only beyond the scope of a motion to dismiss but still fails to show the existence of the requisite contract terms.

Finally, Zaptera erroneously argues that *Transocean* allows it to recover a

royalty on any preorders. *Transocean* says no such thing. That case concerned whether a contract negotiated abroad was subject to the territorial reach of the Patent Act and, in pertinent part, stands for the uncontroversial principle that a "sale" can occur via contract rather than physical transfer of goods. *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Contractors USA, Inc.*, 617 F.3d 1296, 1311 (Fed. Cir. 2010). *Transocean* also confirms that an "offer to sell" should be assessed under "traditional contract principles," and notes that there was no dispute over the existence of an offer in the case before the court. *Id.* at 1308. Here, however, Zaptera does not and cannot plead the elements of contractual sale or offer to sell. (*See* Br. 8.) Having failed to plausibly establish any sale or offer to sell, Zaptera should not be allowed to proceed on those theories.[4]

### B. Zaptera Fails to State a Claim for Trade Secret Misappropriation

Zaptera concedes that California courts do not recognize the "inevitable disclosure" theory of misappropriation but insists that its theory is different. (Opp. 17.) It is not. Zaptera's opposition makes sweeping (and fact-free) arguments about how Defendants supposedly filed patent applications or "s[old] new cars" that made use of its alleged trade secrets. The only non-conclusory allegation Zaptera has is that Defendant Aptera hired employees who used to work for Aptera Motors, Inc.—which is an inevitable disclosure theory. (*See* FAC ¶ 36.) Defendants' opening brief goes allegation-by-allegation to show why Zaptera's other assertions are conclusory and implausible. (Br. 9-10.) Zaptera ignores this argument. Zaptera also ignores all cases cited by Defendant and points to a series of cases holding that using trade secrets in R&D or developing a product "derived" from trade secrets is prohibited. (Opp. at 16.) This authority is irrelevant to Defendants' motion, because Zaptera has not plausibly alleged any use of the supposed trade secrets in the first

[4] Zaptera also argues that "Defendants do not address the 'making' portion" of § 271. (Opp. 13.) This overlooks Defendants' express statement that "[i]f allowed at all, its infringement claims should only proceed as to manufacture of the handful of prototype vehicles Aptera has made to date." (Br. 8.)

instance. Zaptera's pleading, which boils down a conclusory allegation that Defendants used its trade secrets, fails as a matter of law. *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989-90 (S.D. Cal. 2012).

Zaptera also dramatically overstates the particularity of its identification of trade secrets. (Opp. 19.) Zaptera does not, for example, provide any "specific and technical[] detail[]" as it claims. (*Id.*) It refers to generalized categories of business information at a level that is routinely found insufficient. (*See* Br. 10-12 (citing cases).) Zaptera ignores all Defendants' cited authority except *Farhang*. In that case, plaintiffs alleged two categories of trade secrets: (1) plaintiffs' "core technology described in a patent application," and (2) "specific business models and implementations" relating to this core technology. *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658-RMW, 2010 WL 2228936, at *13 (N.D. Cal. June 1, 2010) (citation omitted). The court found the first category sufficient only because plaintiffs identified the non-published patent application that disclosed the claimed technology. Zaptera's attempt to equate *Farhang*'s disclosure to this case backfires. Here, the only alleged trade secret related to the Asserted Patents is the shape and ratios of the vehicle body—because this information is readily ascertainable from the Asserted Patents (which Zaptera does not dispute), it cannot be a trade secret. (Br. 11.) In *Farhang*, the referenced "pending patent application remain[ed] highly confidential." *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658-RMW (N.D. Cal. Feb. 25, 2010), Dkt. 111 ¶ 26.

Zaptera's description of its alleged trade secrets are more like the second category the *Farhang* court dismissed as insufficiently particular, which included "specifics regarding the actual implementation of the global railways and Indian Railways project." *Farhang*, 2010 WL 2228936, at *14. Zaptera's alleged trade secrets, which include "design secrets relating to the composition of material used[]," "manufacturing method secrets relating to how to manufacture the body[]," and "design secrets relating to the exact shape and mathematical ratios[]" (Opp. 19), are

no more detailed than those in the second category rejected by *Farhang* or by the other authority cited in Defendants' brief that goes unaddressed by Zaptera. Zaptera's trade secret misappropriation claim should be dismissed.

**C. <u>Zaptera Fails to State a Claim for Fraudulent Inducement</u>**

Defendants' motion establishes, and Zaptera does not rebut, that lack of adequate consideration in the sale of a company's assets is "essential" to a mere continuation theory of liability. (*See* Br. 15-16 (citing authority).) Zaptera also does not rebut, or even address, Defendants' authority that a mere continuation theory assumes a direct sale of assets from a predecessor to the defendant successor. (*Id.*) Zaptera makes no attempt to show that either required element is present here. To the contrary, Zaptera concedes that it paid $1.5 million for the predecessor corporation's assets. (*See* Opp. 24; FAC ¶ 31.) Zaptera instead applies the wrong analysis and argues that "had Defendants paid any consideration, that consideration would have gone to Plaintiff." (Opp. 20.) This is simply an IP infringement argument in different guise, not a basis for holding that Aptera is a mere continuation. To the extent it is relevant at all, it confirms that Defendant Aptera is ***not*** a continuation because it did not acquire assets from a predecessor.

Zaptera's fraudulent inducement theory also fails because Zaptera cannot plead reasonable reliance. Zaptera does not dispute that (1) the specific statements on which they allegedly relied ("extreme value" and "bargain" pricing of the assets) are non-actionable sales talk (*see* Br. 17); (2) it failed to allege that Zaptera relied upon any patent prosecution materials (*id.*); and (3) there was no duty owed by anybody to Zaptera during prosecution because Zaptera did not yet exist (*id.*).[5] Rather than address Defendants' authority (*see id.* at 18), Zaptera cites one inapposite case. (*See* Opp. 21-22 (citing *Loughrin v. Superior Court*, 15 Cal. App. 4th 1188,

[5] Zaptera claims in passing that Defendants are "the same individuals who were involved in promoting the sale of Aptera I's assets." (Opp. 22.) Zaptera knows this statement to be false—indeed, its FAC specifically alleges that only non-parties Wilbur and Reichenbach were involved in promoting the assets. (FAC ¶ 109.)

1195 (1993).) *Loughrin* addresses the enforceability of "as is" clauses in the context of "people dealing in real estate" and the circumstances under which a seller is not insulated by such clauses based on the disclosure requirements of section 1102—a statute governing the transfer of real property. *Id. Loughrin* does not address reasonable reliance; Defendants' cases do. (*See* Br. 17-18.)

**D. <u>Zaptera Fails to State a Claim Under § 17200</u>**

Zaptera cannot save its preempted UCL claim by trying to distinguish between alleged IP infringement and alleged "interference" with IP rights. (Opp. 23.) The factual allegations under either theory are the same, and any UCL claim on these allegations is preempted by the CUTSA and Patent Act. (*See* Br. 18.) Allowing Zaptera's UCL theory to move forward would directly contravene Ninth Circuit and California appellate authority. *See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.*, 7 F.3d 1434, 1439 (9th Cir. 1993); *Gems v. Diamond Imports, Inc.*, No. 15-CV-03531-MMC, 2016 WL 6902804, at *3 (N.D. Cal. Nov. 22, 2016) (gathering authority). Zaptera's new argument that Defendants committed "fraud" by "utiliz[ing] the Intellectual Property sold under the APA" (Opp. 23) is nonsensical and bereft of any supporting factual allegations, and is also inconsistent with the FAC, which identifies only "unfair" and "unlawful" practices as the basis of its UCL claim. (FAC ¶ 100.)

Zaptera concedes that an "unfair"-style claim must show a "more specific impact on competition" or a "harm [to] competition in a manner comparable to antitrust laws." (Opp. 22.)[6] But Zaptera points to no factual allegation of harm to competition and does not dispute that it has no business, has no product, and was a defunct corporation until shortly before filing suit. (*See* Br. 3, 19.) There is no

---

[6] Zaptera also suggests that "immoral" or "unscrupulous" conduct could underly an unfair-style claim, but even there concedes that it must be tied to specific competitive harm. Moreover, Zaptera's relies on a footnote quoting a 61-year-old policy document on the scope of FTC authority, which itself states that violative conduct must also cause "substantial injury" to consumers or competitors. *F.T.C. v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244 n.5 (1972).

plausible "specific" harm to competition if there is no competitor. Zaptera's UCL claim should be dismissed with prejudice.

### E. Zaptera Fails to State a Claim for Declaratory Judgment Claim of Patent Ownership

Zaptera fails to rebut Defendants' showing that there is no subject matter jurisdiction over this claim. (*Compare* Br. 19-20 *with* Opp. 23-24.) The sole case cited by Zaptera concerns the requirements for a declaratory judgment claim of patent ***infringement***, not patent ownership, and is therefore irrelevant. *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 252 F. Supp. 3d 828, 832 (N.D. Cal. 2017).

### F. All Claims Against Individual Defendants Should Be Dismissed

All claims against the Individual Defendants fail to satisfy Rule 8's notice requirement. "[B]y lumping all [Defendants] together, Plaintiff[] ha[s] not stated sufficient facts to state a claim for relief that is plausible against *one* Defendant." *Resh, Inc. v. Skimlite Mfg. Inc.*, 666 F. Supp. 3d 1054, 1059 (N.D. Cal. 2023) (citations omitted) (emphasis in original). Even in opposition, Zaptera cannot specify any individual conduct. It merely argues that "all" Defendants were involved in Aptera Motors, Inc., were "presumably" aware of the asset sale, and "picked up where they left off." (Opp. 24.) But none of those things is the basis for a claim. Who allegedly infringed an Asserted Patent, and how? Who allegedly misappropriated a trade secret, what trade secret, and how? Defendants "should not have to guess amongst themselves as to whom a specific 'Defendants' reference Plaintiff intended to apply or even whether it applies to some yet-to-be-named party." *Resh*, 666 F. Supp. 3d at 1059. Zaptera is not entitled to discovery to "clarify" its allegations if it cannot state a claim. (*Compare* Opp. at 24.)

## III. CONCLUSION

Zaptera's opposition confirms not only that the FAC is deficient, but also that Zaptera cannot fix those deficiencies. Thus, Defendants request that the Court dismiss Zaptera's claims with prejudice.

Dated: April 24, 2025

MORRISON & FOERSTER LLP

By: */s/ John R. Lanham*
John R. Lanham

*Attorneys for Defendants*
APTERA MOTORS CORP., STEVE FAMBRO, CHRIS ANTHONY, MICHAEL JOHNSON, JASON HILL, AND NATHAN ARMSTRONG