DARALYN J. DURIE (CA SBN 169825)
DDurie@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, California 92130-3588
Telephone:  858.720.5100
Facsimile:   858.720.5125

Attorneys for Defendants
APTERA MOTORS CORP., STEVE FAMBRO, CHRIS ANTHONY, JASON HILL, and NATHAN ARMSTRONG

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAPTERA USA, INC, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>APTERA MOTORS CORP., a Delaware corporation; STEVE FAMBRO, an individual; CHRIS ANTHONY, an individual; JASON HILL, an individual; NATHAN ARMSTRONG, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:24-cv-1413-JO-JLB<br><br>**ANSWER TO PLAINTIFF'S SECOND AMEND2ED COMPLAINT BY DEFENDANT APTERA MOTORS CORP.**<br><br>Judge:  Hon. Jinsook Ohta<br><br>Date Action Filed: August 8, 2024 |

MF-360739436

Defendant Aptera Motors Corp. ("Aptera") hereby submits this Answer and Affirmative Defenses to the Second Amended Complaint ("SAC") filed by Zaptera USA, Inc. Except as expressly admitted below, Aptera denies each and every allegation of the SAC.

## I. RESPONSE TO: "INTRODUCTION"

1. Aptera admits that more than twelve years ago, Aptera Motors, Inc., went defunct. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 1 and therefore denies them. Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 1.

2. Aptera denies the allegations of Paragraph 2.

3. Aptera admits that Plaintiff sent correspondence to Defendants through counsel in advance of filing this suit. Aptera denies the remaining allegations of Paragraph 3.

4. Aptera denies the allegations of Paragraph 4.

5. Aptera admits that its SEC disclosures do not reference Plaintiff's patents. Aptera denies the remaining allegations of Paragraph 5.

6. Aptera denies that it infringed or stole any of Plaintiff's purported intellectual property. To the extent a response is required for the remaining allegations of Paragraph 6, Aptera denies them.

## II. RESPONSE TO: "THE PARTIES"

7. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 7 and therefore denies them.

8. Aptera admits that it is a corporation organized under the laws of the State of Delaware, with its principal place of business in the City of Carlsbad, County

of San Diego, State of California.  Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 8.

9.  Aptera admits that Defendant Steve Fambro ("Fambro") is an individual residing in the State of California, county of San Diego.  Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 9.

10. Aptera admits that Defendant Chris Anthony ("Anthony") is an individual residing in the State of California, county of San Diego.  Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 10.

11. Aptera denies the allegations of Paragraph 11.

12. Aptera admits the allegations of Paragraph 12.

13. Aptera admits that Defendant Nathan Armstrong ("Armstrong") is an individual residing in Calgary, Canada.  Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 13.

14. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 14 and therefore denies them.  Paragraph 14 also appears to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Aptera denies the allegations of Paragraph 14.

15. Paragraph 15 appears to state legal conclusions to which a responsive pleading is not required.  To the extent that a responsive pleading is required, Aptera denies the allegations of Paragraph 15.

### III. RESPONSE TO: "VENUE AND JURISDICTION"

16. Aptera does not contest at this time, and solely for the purpose of the present litigation, whether this Court may exercise personal jurisdiction over Aptera or subject matter jurisdiction over the claims presently asserted.

17. Aptera does not contest at this time, and solely for the purpose of the present litigation, that venue is proper under 28 U.S.C. § 1391 and 28 U.S.C. §

1400(b). To the extent a response is required for the remaining allegations of Paragraph 17, Aptera denies them.

### IV.  RESPONSE TO: "GENERAL FACTUAL ALLEGATIONS"

#### A.  Response to: "Aptera Motors, Inc. – From Inception to its 2012 Liquidation."

18. Aptera admits that the image in Paragraph 18 appears to be an excerpt from an earlier version of https://aptera.us/about. Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 18.

19. Aptera denies the allegations of Paragraph 19.

20. Aptera denies the allegations of Paragraph 20.

21. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the last sentence of Paragraph 21 and therefore denies them. Aptera denies the remaining allegations of Paragraph 21.

22. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 22 and therefore denies them.

23. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 23 and therefore denies them.

24. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 24 and therefore denies them.

25. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 25 and therefore denies them.

26. Aptera denies the allegations of Paragraph 26.

27. Aptera admits the allegations of Paragraph 27.

28. Aptera denies the allegations of Paragraph 28.

29. Aptera admits that Hill and Armstrong had access to and knowledge of certain Aptera Motors, Inc. confidential and proprietary information during their time at Aptera Motors, Inc. (2006-2009). Aptera admits that Hill and Armstrong used

confidential information in working on the design of Aptera Motors Inc.'s aerodynamic vehicle. For the avoidance of doubt, Aptera denies that the confidential information to which Hill and Armstrong had access was used in any way in connection with their work for Aptera. Aptera denies the remaining allegations of Paragraph 29.

30. Aptera admits that in September 2008, Aptera Motors, Inc. hired Paul Wilbur as President and CEO. Aptera denies any remaining allegations of Paragraph 30.

31. Aptera lacks knowledge as to the allegation concerning Wilbur's delays of the new line of vehicles and on that basis denies it. Aptera denies the remaining allegations of Paragraph 31.

32. U.S. Patent Nos D633821 ("'821 Patent") and D635487 ("'487 Patent") speak for themselves. Aptera admits that a copy of what appears to be the '821 Patent is attached as Exhibit 1. Aptera admits that a copy of what appears to be the '487 Patent is attached as Exhibit 2. To the extent the remaining allegations of Paragraph 32 are inconsistent with Exhibits 1 and 2, Aptera denies them. To the extent a response is required for the remaining allegations of Paragraph 32, Aptera denies them.

33. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 33 and therefore denies them.

34. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 34 and therefore denies them.

35. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 35 and therefore denies them.

**B. Response to: "Plaintiff Purchases the Assets of Aptera Motors, Inc. out of the ABC."**

36. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 36 and therefore denies them.

37. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 37 and therefore denies them.

38. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 38 and therefore denies them.

39. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 39 and therefore denies them.

**C. Response to: "Defendants Resuscitate Aptera Motors as Aptera Motors Corp. Using the Intellectual Property They Had Sold to Plaintiff."**

40. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in the first sentence of Paragraph 40 and therefore denies them. Aptera denies the allegations contained in the second sentence of Paragraph 40.

41. Aptera denies the allegations of Paragraph 41.

42. Aptera denies the allegations of Paragraph 42.

43. Aptera responds that the linked interview video speaks for itself. To the extent the allegations of Paragraph 43 are inconsistent with the interview video, Aptera denies them. Aptera denies the remaining allegations of Paragraph 43.

44. Aptera admits that Armstrong's reference to "a gentleman" was in reference to Derringer. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations contained in Paragraph 44 and therefore denies them.

45. Aptera denies the allegations of Paragraph 45.

46. Aptera responds that the statements in the interview speak for themselves. To the extent the allegations of Paragraph 46 are inconsistent with the statements in the interview, they are denied. Aptera denies that "Aptera Motors continued using the exact same IP, including the Zaptera Patents and Trade Secrets that were sold to Plaintiff nearly a decade prior." To the extent a response is required for any remaining allegations of Paragraph 46, Aptera denies them.

47. Aptera denies the allegations of Paragraph 47.

48. Aptera denies the allegations of Paragraph 48.

49. Aptera denies the allegations of Paragraph 49.

50. Aptera denies the allegations of Paragraph 50.

51. Aptera admits that the design patent for a "Three Wheeled Vehicle" numbered D912586 (the "'586 Patent") names Hill, Fambro, Anthony, and Armstrong as inventors. Aptera denies the remaining allegations of Paragraph 51.

52. Aptera admits that, in applying for the '586 Patent, Aptera disclosed the "Zaptera Patents" in the Information Disclosure Statement ("IDS"). Aptera admits a copy of the IDS submitted by Aptera to the USPTO appears to be attached as Exhibit 6. Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 52.

53. Aptera admits that it has a patent portfolio that has been valued at over $100 million with at least 4 issued patents and 30 pending patent applications and avers that many of these patents relate to its innovative solar technology. Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 53.

MF-360739436

54. Aptera denies the allegations of Paragraph 54.

**D. Response to: "Aptera Motors Succeeds by Infringing on Plaintiff's Intellectual Property."**

55. Aptera admits that it has previously stated "We launched in late 2019 and have 40,000+ reservations from customers in 100+ countries. We plan to begin production in 2024." Aptera admits that, since launching in 2019, Aptera Motors has received over 47,000 pre-order reservations. Aptera denies the remaining allegations of Paragraph 55.

56. Aptera admits the allegations of Paragraph 56.

57. Aptera responds that its publicly available filings on SEC's EDGAR system speak for themselves. To the extent the allegations of Paragraph 57 are inconsistent with those filings, they are denied. To the extent a response is required for the remaining allegations of Paragraph 57, Aptera denies them.

58. The "Offering Memorandum Dated May 30, 2024" speaks for itself. To the extent the allegations of Paragraph 58 are inconsistent with the offering memorandum, they are denied. To the extent a response is required for the remaining allegations of Paragraph 58, Aptera denies them.

59. The "Offering Memorandum Dated May 30, 2024" speaks for itself. To the extent the allegations of Paragraph 59 are inconsistent with the offering memorandum, they are denied. To the extent a response is required for the remaining allegations of Paragraph 59, Aptera denies them.

60. The "Offering Memorandum Dated May 30, 2024" speaks for itself. To the extent the allegations of Paragraph 60 are inconsistent with the offering memorandum, they are denied. To the extent a response is required for the remaining allegations of Paragraph 60, Aptera denies them.

61. The "Offering Memorandum Dated May 30, 2024" speaks for itself. To the extent the allegations of Paragraph 61 are inconsistent with the offering

memorandum, they are denied. To the extent a response is required for the remaining allegations of Paragraph 61, Aptera denies them.

62. Aptera denies the allegations of Paragraph 62.

63. Aptera responds that the statements in the interview speak for themselves. To the extent the allegations of Paragraph 63 are inconsistent with the statements in the interview, they are denied. To the extent a response is required for the remaining allegations of Paragraph 63, Aptera denies them.

64. Aptera responds that the statements in the interview speak for themselves. To the extent the allegations of Paragraph 64 are inconsistent with the statements in the interview, they are denied. To the extent a response is required for the remaining allegations of Paragraph 64, Aptera denies them.

65. Aptera responds that the statements on Aptera's website speak for themselves. To the extent the allegations of Paragraph 65 are inconsistent with Aptera's website, they are denied. To the extent a response is required for the remaining allegations of Paragraph 65, Aptera denies them.

66. Aptera responds that the statements in the interview speak for themselves. To the extent the allegations of Paragraph 66 are inconsistent with the statements in the interview, they are denied. To the extent a response is required for the remaining allegations of Paragraph 66, Aptera denies them.

67. Aptera denies the allegations of Paragraph 67.

**E. Response to: "Defendants Ignore Plaintiff's Demand."**

68. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 68 and therefore denies them.

69. Aptera admits that Exhibit 8 appears to be a copy of a letter sent from Barnes & Thornburg, LLP to Chris Anthony, dated July 28, 2022. The statements in the letter speak for themselves. To the extent the allegations of Paragraph 69 are

inconsistent with the letter, they are denied. To the extent a response is required for the remaining allegations of Paragraph 69, Aptera denies them. Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 69.

70. Aptera admits that Exhibit 9 appears to be a copy of a letter from Damian Wasserbauer to Barnes & Thorne, LLP, dated September 16, 2022. The statements in the letter speak for themselves. To the extent the allegations of Paragraph 70 are inconsistent with the letter, they are denied. To the extent a response is required for the remaining allegations of Paragraph 70, Aptera denies them. Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 70.

71. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 71 and therefore denies them.

72. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations contained in Paragraph 72 and therefore denies them.

73. Aptera denies the allegations of Paragraph 73.

## RESPONSE TO: "FIRST CAUSE OF ACTION
### (Infringement of U.S. Patent No. D633821 Against Aptera Motors, Fambro, Anthony, Johnson, Hill, Armstrong, and Does 1-100)"

74. Aptera incorporates by reference its responses in the preceding paragraphs above as if fully set forth herein.

75. Aptera denies the allegations of Paragraph 75.

76. Aptera denies the allegations of Paragraph 76.

77. Aptera denies the allegations of Paragraph 77.

78. Aptera denies the allegations of Paragraph 78.

79. Aptera denies the allegations of Paragraph 79.

MF-360739436

80. Aptera denies the allegations of Paragraph 80.

81. Aptera denies the allegations of Paragraph 81.

## RESPONSE TO: "SECOND CAUSE OF ACTION

**(Infringement of U.S. Patent No. D635487 Against Aptera Motors, Fambro, Anthony, Johnson, Hill, Armstrong, and Does 1-100)"**

82. Aptera incorporates by reference its responses in the preceding paragraphs above as if fully set forth herein.

83. Aptera denies the allegations of Paragraph 83.

84. Aptera denies the allegations of Paragraph 84.

85. Aptera denies the allegations of Paragraph 85.

86. Aptera denies the allegations of Paragraph 86.

87. Aptera denies the allegations of Paragraph 87.

88. Aptera denies the allegations of Paragraph 88.

89. Aptera denies the allegations of Paragraph 89.

## RESPONSE TO: "THIRD CAUSE OF ACTION

**(Misappropriation of Trade Secrets [18 U.S.C. 1831, et seq] Against Aptera Motors, Fambro, Anthony, Johnson, Hill, Armstrong, and Does 1-100)"**

90. Aptera incorporates by reference its responses in the preceding paragraphs above as if fully set forth herein.

91. Aptera denies the allegations of Paragraph 91.

92. Aptera denies the allegations of Paragraph 92.

93. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 93 and therefore denies them.

94. Aptera denies that any confidentiality agreements were assigned to Plaintiff via the Asset Purchase Agreement. Aptera lacks knowledge as to the remaining allegations of Paragraph 94 and denies them on that basis.

95. Aptera denies the allegations of Paragraph 95.

96. Aptera denies the allegations of Paragraph 96.

97. Aptera denies the allegations of Paragraph 97.

98. Aptera denies the allegations of Paragraph 98.

99. Aptera denies the allegations of Paragraph 99.

100. Aptera denies the allegations of Paragraph 100.

101. Aptera denies the allegations of Paragraph 101.

102. Aptera denies the allegations of Paragraph 102.

### RESPONSE TO: "FOURTH CAUSE OF ACTION

### (Breach of Contract by Plaintiff Against Fambro, Anthony, Hill, and Armstrong)"

103. Aptera incorporates by reference its responses in the preceding paragraphs above as if fully set forth herein.

104. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 104 and therefore denies them.

105. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 105 and therefore denies them.

106. Aptera lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 106 and therefore denies them.

107. Aptera denies the allegations of Paragraph 107.

108. Aptera denies the allegations of Paragraph 108.

109. Aptera denies the allegations of Paragraph 109.

### RESPONSE TO: "FIFTH CAUSE OF ACTION

### (Declaratory Judgment by Plaintiff Against Aptera Motors, Fambro, Anthony, Johnson, Hill, Armstrong, and Does 1-100)"

110. Aptera incorporates by reference its responses in the preceding paragraphs above as if fully set forth herein.

111.  Aptera admits that a present and actual dispute exists between Plaintiff and Defendants "as to who legally owns the Zaptera Patents, and whether the current iterations of Aptera Motors vehicles infringe on the Zaptera Patents." Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 111.

112.  Aptera admits that the Second Amended Complaint purports to seek "a judicial declaration that it is the valid and legal owner of the Zaptera Patents and that the current iteration of Aptera Motors' vehicles infringe on the Zaptera Patents." Except as expressly admitted, Aptera denies the remaining allegations of Paragraph 112.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to the Second Amended Complaint, Aptera Motors asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Standing)

1.  Plaintiff lacks standing to assert the claims alleged because Plaintiff does not own the trade secrets, patents, or contract rights at issue.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations and Laches)

2.  Plaintiff's claims are barred by applicable statutes of limitations and by the doctrine of laches. Plaintiff unreasonably delayed bringing this action despite knowledge of Defendants' business plans and fundraising for years.

### THIRD AFFIRMATIVE DEFENSE
### (Waiver, Acquiescence, and Estoppel)

3.  Plaintiff knowingly permitted Defendants to operate publicly and raise substantial funding for years before filing suit. Plaintiff has waived, acquiesced, and/or is estopped from bringing its claims because of its actions and failures to act.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4. Plaintiff's claims for damages are barred or reduced because Plaintiff failed to take reasonable steps to mitigate its alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Invalidity)

5. The Asserted Patents are invalid, in whole or in part, including but not limited to under 35 U.S.C. §§ 102 and 103. The Asserted Patents are invalid for incurably failing to name the proper inventors. The Asserted Patents are also invalid to the extent that they seek to claim or capture functional aspects of the depicted vehicle design.

## SIXTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

6. Defendants have not infringed and do not infringe any valid claim of the Asserted Patents.

## SEVENTH AFFIRMATIVE DEFENSE

### (Patent Misuse)

7. The Asserted Patents are unenforceable due to Plaintiff's attempt to impermissibly broaden the temporal scope of the patent grant in an attempt to stifle Defendants' ability to compete in the marketplace.

## EIGHTH AFFIRMATIVE DEFENSE

### (Independent Development)

8. The alleged trade secrets asserted by Plaintiff were independently developed by Defendants without use of improper means.

## NINTH AFFIRMATIVE DEFENSE

### (Readily Ascertainable)

9. The alleged trade secrets asserted by Plaintiff were readily ascertainable by proper means at the time of the alleged use by Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (No Protectable Trade Secret)

10. The information Plaintiff identifies as trade secrets does not qualify for trade secret protection because it was generally known, readily ascertainable by proper means, disclosed in patents or publications, or otherwise lost secrecy through Plaintiff's acts or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Section 16600 and Public Policy)

11. Plaintiff's claims of trade secret misappropriation and breach of contract are barred by California Business and Professions Code 16600 and related case law, which provides that "[e]xcept as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void," as well as by the public policy of the State of California.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

12. Plaintiff lacks standing to enforce the alleged confidentiality or employment agreements with Aptera Motors, Inc because it is not a party to those agreements. Any purported assignment of such contracts was invalid or unenforceable under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff allowed its corporate status to lapse, failed to timely record

assignments, and engaged in conduct that undermines its claims of ownership and enforcement rights.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

14. The alleged agreements, to the extent they exist, fail for lack of valid consideration or ceased to be supported by consideration upon the dissolution of Aptera Motors, Inc.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Invalid or Unenforceable Agreement)

15. The alleged confidentiality or employment agreements are invalid and/or unenforceable under California law, including but not limited to for violating California public policy favoring employee mobility.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Invalid or Unenforceable Assignment)

16. Any purported assignment of the alleged confidentiality or employment agreements from Aptera Motors, Inc. to Plaintiff was invalid, ineffective, or unenforceable.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

17. Plaintiff has failed to state any claim upon which relief can be granted.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

18. Defendants reserve the right to assert additional affirmative defenses as discovery and investigation of Plaintiff's claims continue.

# **PRAYER FOR RELIEF**

Aptera denies that Plaintiff is entitled to any relief in this action and asks the Court to deny any and all of the relief requested by Zaptera in its Second Amended Complaint.

Dated:  October 10, 2025

MORRISON & FOERSTER LLP

By: */s/ John R. Lanham*
John R. Lanham

*Attorneys for Defendants*
APTERA MOTORS CORP., STEVE FAMBRO, CHRIS ANTHONY, JASON HILL, AND NATHAN ARMSTRONG